**In re Case Terry BROWN, Debtor.**

**No. 03–56369 JRG.**

United States Bankruptcy Court,
N.D. California.

June 30, 2005.

Norma L. Hammes, Law Offices of Gold and Hammes, San Jose, CA, for Debtor.

**ORDER RE MOTION FOR SANCTIONS**

JAMES R. GRUBE, Bankruptcy Judge.

## I.  INTRODUCTION

Before the court is the Chapter 13 Trustee's motion for sanctions under Bankruptcy Rule 9011 and Local Rule 9011–1, against the debtor's attorney.  The basis

for the Trustee's motion is the debtor's attorney's failure to maintain original documents with the debtor's original signature for documents that were electronically filed. For the reasons herein stated, the court will impose sanctions in the amount of $250.00 to compensate the Chapter 13 Trustee for reasonable attorney's fees in bringing this motion.

## II. BACKGROUND

On October 27, 2004, the debtor's attorney filed the debtor's Fourth Amended Chapter 13 Plan by electronically filing the document. [See Exhibit A.] The copy of the plan accessible electronically beared the electronic signature of the debtor.[1] Thus, the debtor's attorney held the Fourth Amended Plan bearing the original signature of the debtor, dated October 26, 2004.

Later on the morning of October 27, after the Fourth Amended Chapter 13 Plan was filed, the Chapter 13 Trustee's office contacted the debtor's attorney. The Trustee requested that the debtor's attorney remove from the plan language she found objectionable.

The debtor's attorney spoke with the debtor and he authorized the changes. According to the debtor's attorney, this is then where she made her mistake. She states that she took the original of the Fourth Amended Chapter 13 plan and had her assistant type the word "Revised" on the title to distinguish it from the Fourth Amended Chapter 13 Plan. She also made the changes to the plan as requested by striking the objectionable language. She did nothing to change the signature date of October 26, 2004, and the debtor did not sign the revised plan. The signature on the revised plan was the debtor's signature

applicable to the fourth amended plan. [See Exhibit B.]

The debtor's attorney then had her assistant electronically file the Revised Fourth Amended Chapter 13 Plan. To do this, the assistant opened the computer document containing the Fourth Amended Chapter 13 Plan and revised the computer version to conform to the paper hard copy revised plan. The computer version of the revised plan did not bear the debtor's handwritten signature. The assistant then electronically filed this document, which showed a signature date of October 26, 2004, and an electronic signature. [See Exhibit C.]

When the Trustee became aware of the electronically filed revised plan, her office requested that the debtor's attorney fax to her a copy bearing the debtor's original signature. The debtor's attorney then faxed the Trustee the revised plan, which was the altered original of the Fourth Amended Chapter 13 Plan with the debtor's signature dated the day prior and containing the changes described above. [See Exhibit B.]

Thus, if asked to produce the original signed document of the Fourth Amended Chapter 13 Plan, the debtor's attorney is unable to do so, having altered the original into the Revised Fourth Amended Chapter 13 Plan. In addition, if asked to produce the original signed document of the Revised Fourth Amended Chapter 13 Plan, the debtor's attorney is unable to do so because the Revised Fourth Amended Chapter 13 Plan bears the original signature from the Fourth Amended Chapter 13 Plan and no original signature was ever obtained on the revised plan.

---

1. An electronic signature occurs when the document contains an /s/ on the signature line. The Administrative Procedures for Electronic Case Filing, applicable in the Northern District, requires that the attorney retain the document bearing the original signature for five years.

The Trustee is concerned about the integrity of the court's electronic filing system. The Trustee argues that a document should be filed only if a party has signed the original. According to the Trustee, there is no reason that electronic filing changed the prior requirements that an attorney could not file a document on a client's behalf without an original signature.

The debtor's attorney argues that she fell into a electronic filing trap and she inadvertently failed to maintain the original. She asserts that nothing she did constitutes a rule violation that warrants the imposition of sanctions.

## III. DISCUSSION

■ For a number of years, the federal court system has been moving to a system of electronic filing. In early 2004, electronic filing was introduced in the bankruptcy courts of the Northern District of California. Because documents are filed electronically, the originals are no longer maintained by the court. Attorneys maintain the originals and are expected to be able to produce an original on request of the court.

The electronic filing of documents in the bankruptcy courts of the Northern District of California is subject to the court's CM/ECF Interim Operating Order, effective July 1, 2003. The Interim Operating Order states:

Federal Rule of Civil Procedure 83 and Federal Rules of Bankruptcy 5005(a)(2), 9006(f), 9011, 9022, 9029, and 9036 authorize this Court to establish practices and procedures for the filing, signing and verification of pleadings and papers by electronic means; and therefore,

IT IS ORDERED that:

. . . .

### 8. SIGNATURES AND VERIFIED PLEADINGS

. . . .

c. The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court.

### 9. RETENTION REQUIREMENTS

With respect to any document filed electronically that purports to be signed by someone other than the Registered Participant, the Registered Participants shall retain the document bearing the original signature until five years after the case or adversary proceeding in which the document was filed is closed.[2]

---

**2.** The CM/ECF Interim Operating Order allowed for the establishment of the Administrative Procedures for Electronic Case Filing. The Court's Administrative Procedures are consistent with the requirements outlined above.

In addition, *Bankruptcy Local Rule* 9011–1 provides:

Any petition, schedule, statement, declaration, claim or other document filed and signed or subscribed under any method (di-

gital, electronic, scanned) adopted under the rules of this Court shall be treated for all purposes (both civil and criminal, including penalties for perjury) in the same manner as though manually signed or subscribed.

Failure of counsel or of a party to comply with any provision of these rules or the Federal Rules of Bankruptcy Procedure shall be grounds for imposition by the Court of appropriate sanctions.

Thus under the Interim Operating Order, attorneys are required to keep on hand what is referred to as a "wet" original signature of documents electronically filed with the court. The documents maintained by the attorney are no different than the original of documents that were maintained by the court prior to electronic filing.

Here the debtor's attorney admits she made changes to the original of the electronically filed fourth amended plan. She no longer has on hand the original. Instead, the fourth amended plan was modified when the word "Revised" was typed at the top and language in the plan struck. In addition, she has electronically filed a revised plan that is not the same as the revised plan she holds in her files. Even if the substance of the revised plans is the same, they do not represent the same document. The debtor's attorney argues that the electronic filed document will not be the same as the original unless the document filed with the court is scanned.

However, if the original document is not scanned and is instead a converted word processing document, the only difference between the document filed and the original should be that the original bears an original signature and the filed document bears an /s/ on the signature line. This is not the case here. [Compare Exhibits B & C.]

■ Under Bankruptcy Rule 9011(b)(3), by filing the documents with the court, the attorney is certifying that to the best of the person's knowledge, information and belief that "the allegations and other factual contentions have evidentiary support." Here, by electronically filing a document,

the debtor's attorney certified that she had the document in question, bearing the debtor's original signature in her physical possession as required by the court's Interim Operating Order. Such is not the case for both the Fourth Amended Chapter 13 Plan and the Revised Fourth Amended Chapter 13 Plan.

■ Under Rule 9011(c), the court may impose sanctions if it determines Rule 9011(b) has been violated. Here the court believes that sanctions in the amount of $250.00 to reimburse a portion of the Chapter 13 Trustee's attorney's fees is warranted. By highlighting the problem with the debtor's attorney's failure to properly protect and maintain the original documents, the court seeks to deter repetition of such conduct or comparable conduct of others similarly situated. The Chapter 13 Trustee is correct that the integrity of the electronic filing system is at risk if attorneys are careless in their handling of originals. In addition, attorneys must treat the filing of electronic documents no differently than the court's prior system. At all times and for all documents filed with the court, an original signature is required. The same public policy that prevented an attorney from filing a document on a client's behalf without an original signature still exists in the era of electronic filing.

IT IS HEREBY ORDERED THAT the debtor's attorney, Elaine Seid, is to pay to the Chapter 13 Trustee $250.00 to reimburse the Trustee for a portion of her attorney's fees for bringing this motion before the court.

560

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re:   TERRY M. BROWN          | Case No. 03-5-6369

                                 | **Fourth Amended Chapter 13 Plan**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $650 until 3/1/2004, then $ 1,000 commencing 4/1/2004, then $1,250 commencing 12/1/2004, then $2,020.00 commencing 8/1/2008 each month for a total of 60 months,. ~~Debtor(s) elect a voluntary wage order.~~

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
|------|------|------|------|------|
| Santa Clara County Tax Collector | $935,000 | $20,634 | | 7% |
| Internal Revenue Service | $8,500 | | | 2.5% |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims as follows:
   _____ at a rate of _____ cents on the dollar. The estimated term of the plan is _____ months. (Percentage Plan)
   **X** the sum of **$72,560** payable over **60** months, distributed pro rata, in amounts determined after allowed administrative, ~~secured and~~ priority ~~unsecured claims~~ are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan).

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|------|------|------|------|
| Starbright Partners | $5500 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate:
   _____ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   **X** revest in the debtor(s) upon plan confirmation. Once property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): to avoid judgment lien of Norman & Anna Kelly under Bankruptcy Code §522(f) and §547(b). Debtor to file motion and adversary proceeding as are appropriate.

Dated:   10/26/2004          /S/ TERRY M. BROWN          _____
                             TERRY M. BROWN(Debtor)          (Debtor)

N D. Cal. Model Chapter 13 Plan
(October, 2000)

EXHIBIT A

I/, Elaine M. Seid ,am the attorney for the above named debtor(s)], and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this district's Model Chapter 13 Plan (April, 2004), promulgated pursuant to B.L. R. 1007-1.

Dated:____10/26/2004____                        _/S/ ELAINE M. SEID_____
                                                Attorney for Debtor(s)

(This certification must be signed and attached to any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

N.D. Cal. Model Chapter 13 Plan
(April, 2004)

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

e Filed
Date: 10/27/04

In re: TERRY M. BROWN

Case No. 03-5-6369

Revised
Fourth Amended Chapter 13 Plan

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $650 until 3/1/2004, then $ 1,000 commencing 4/1/2004, then $1,250 commencing 12/1/2004, then $2,020.00 commencing 8/1/2008 each month ~~for a total of 60 months. Debtor(s) elect~~ ~~a voluntary wage order.~~

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
|---|---|---|---|---|
| Santa Clara County Tax Collector | $935,000 | $20,634 | | 7% |
| Internal Revenue Service | $3,500 | | | 2.5% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims as follows:
   ___ at a rate of___ cents on the dollar. The estimated term of the plan is ___ months. (Percentage Plan)
   X_ the sum of $72,568 payable over 60 months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| Starbright Partners | $5500 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   X_ revest in the debtor(s) upon plan confirmation. Once property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): to avoid judgment lien of Norman & Anna Kelly under Bankruptcy Code §522(f) and §547(b). Debtor to file motion and adversary proceeding as are appropriate.

Dated: 10/26/2004        /S/ TERRY M. BROWN
                         TERRY M. BROWN(Debtor)            (Debtor)

N.D. Cal. Model Chapter 13 Plan
(October 2000)

# EXHIBIT B

I, Elaine M. Seid am the attorney for the above named debtor(s), and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this district's Model Chapter 13 Plan (April 2004), promulgated pursuant to B.L.R. 1007-1.

Dated:  10/26/2004

/S/ ELAINE M. SEID
Attorney for Debtor(s)

(This certification must be signed and attached to any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

N.D. Cal. Model Chapter 13 Plan
(April 2004)

## EXHIBIT C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: TERRY M. BROWN

Case No. 03-5-6269

Revised Fourth Amended Chapter 13 Plan

e Filed
Date: 10/27/04

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $650 until 3/1/2004, then $1,000 commencing 4/1/2004, then $1,250 commencing 12/1/2004, then $2,020.00 commencing 8/1/2008 each month ~~for a total of 60 months, Debtor(s) elect a voluntary wage order.~~

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
|---|---|---|---|---|
| Santa Clara County Tax Collector | $935,000 | $20,634 | | 7% |
| Internal Revenue Service | $5,500 | | | 2.5% |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims as follows:
   _____ at a rate of _____ cents on the dollar. The estimated term of the plan is _____ months. (Percentage Plan)
   X_ the sum of $72,560 payable over 60 months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan).

The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| Starbright Partners | $5500 | | |

The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

The debtor(s) elect to have property of the estate:
_____ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
X_ revest in the debtor(s) upon plan confirmation. Once property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

The debtor(s) further propose pursuant to 11 USC § 1322(b) to avoid judgment lien of Norman & Anna Kelly under bankruptcy Code §522(f) and §547(b). Debtor to file motion and adversary proceeding as are appropriate.

ted: 10/26/2004        /S/ TERRY M. BROWN
                       TERRY M. BROWN, Debtor        (Debtor)

det None Chapter 13 Plan

# EXHIBIT C

I, Elaine M. Seid, am the attorney for the above named debtor(s), and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this district's Model Chapter 13 Plan (April, 2004), promulgated pursuant to B.L.R. 1007-1.

Dated:  10/26/2004    /S/ ELAINE M. SEID
                      Attorney for Debtor(s)

(This certification must be signed and attached to any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Cal. Model Chapter 13 Plan